U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   OCT 19 2005

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FLORENCE C. JEFF, et al                    CIVIL ACTION

VERSUS                                      NO: 04-1507-HGB-SS

UNIVERSAL HEALTH SERVICES,
INC., et al

## ORDER

PENDLETON'S MOTION TO COMPEL (Rec. doc. 50)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendant, Pendleton Methodist Memorial Hospital ("Pendleton"), to compel responses from the plaintiffs, Florence C. Jeff, Dean A. Jeff, Byron Jeff and Janine Jeff Baah, individually and on behalf of Morris F. X. Jeff, Jr., Ph.D., to its written discovery and for sanctions. The plaintiffs brought suit against Pendleton for an alleged violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("Section 1395"). The plaintiffs allege that on Friday, May 30, 2003, Mr. Jeff sought treatment at Pendleton's emergency room. The plaintiffs contend that Pendleton violated Section 1395 by: (1) not performing a screening examination on Mr. Jeff; (2) not providing him with stabilizing treatment;

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

and (3) not entering his name in a central log. In addition to the complaint in federal court, the plaintiffs filed a claim with the Louisiana Patients' Compensation Fund alleging negligence on the part of Pendleton, Dr. Lavigne and two other physicians.

On July 27, 2005, 2005, the District Judge denied Pendleton's motion for partial summary judgment and motion to stay. Rec. doc. 45. The District Court found that the Section 1395 claim and the malpractice claim were distinct causes of action and a stay of the Section 1395 claim was not warranted. The Court held that Pendleton was not entitled to summary judgment on the issue of damages because Louisiana's medical malpractice statute did not limit the damages available in a Section 1395 claim. Id. at p. 6.

The parties agree that interrogatory nos. 2-5, item nos. 1-6 from a request for admissions and category nos. 1, 2, 6 and 7 from a request for production of documents seek discovery on the medical malpractice standard. For example matter no. 1 seeks an admission that Pendleton complied with the applicable standard of care in Mr. Jeff's treatment. The plaintiffs are not asserting a medical practice claim in federal court. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). The medical malpractice discovery is not relevant to the claim asserted by the plaintiffs in federal court. Pendleton's motion is denied as to these discovery requests.

Item nos. 9-14 from the request for admissions, interrogatory nos. 6-9 and category no. 3 of the request for production of documents relate to the issue of whether plaintiffs contend that Pendleton had an improper motive for denying Mr. Jeff a screening examination or that it acted out of personal prejudice or spite. The plaintiffs contend this discovery requires speculation and it is

premature. The discovery is relevant to plaintiffs' Section 1395 claim and the plaintiffs shall respond to this discovery. If further information is developed in discovery, the plaintiffs may supplement their responses.

Interrogatory nos. 12 and 13 and category no. 17 relate to discovery of expert witnesses. The information sought in interrogatory no. 12 is covered by the District Court's scheduling order.[1] No further response is required. The information sought in interrogatory no. 13 regarding experts who were retained but who will not be called to testify is not discoverable. The plaintiffs report they will complete their response to category no. 17 prior to the depositions of the experts. The last expert deposition was set for August 22, 2005, so no further response is required. If, however, any depositions of experts remain to be taken, the plaintiffs shall complete their response to category no. 17 within twenty-one (21) working days of the entry of this order or within five (5) working days of the start of each deposition, whichever comes earlier.

Interrogatory no. 18 requests that plaintiffs detail all non-expert testimony that plaintiffs intent to elicit at the trial, including the identification of the witnesses. The defendants report that the plaintiffs identified twenty-five witnesses in their initial disclosures and fifty-five in their witness list and that both lists contain catch-all listings. The plaintiffs contend that the only persons identified were family members and persons working at Pendleton and that Pendleton deposed the family members. The plaintiffs are not required to answer interrogatory no. 18 with respect to anyone who was deposed by Pendleton. The plaintiffs shall supplement their response to

---

[1] It is assumed that the District Court will amend its scheduling order to account for the effects of Hurricane Katrina and that the new scheduling order will also cover discovery of expert witnesses.

interrogatory no. 18 with respect to anyone who has not been deposed.

Interrogatory no. 14 seeks the itemization of each element of damages sought by plaintiffs and the dollar amount assigned to such elements. The plaintiffs are not required to provide a further response. See Williams v. Trader Pub. Co., 218 F.3d 481, 486, n. 3 (5th Cir. 2000), ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)").

Interrogatory no. 15 seeks the identification of any person from whom the plaintiffs took a statement. The plaintiffs shall respond to this interrogatory. Category no. 12 seeks production of any such statements. This information is not discoverable except in accord with Fed. R. Civ. P. 26(b)(3).

The plaintiffs state that they have produced all documents in their possession that are responsive to category no. 9 (medical bills for Mr. Jeff). No further response is required.

Category no 10 seeks all documents related to any medical condition that Mr. Jeff ever had that is not related to the condition for which relief is sought. The category is too broad. No further response is required.

Category no. 14 seeks executed authorizations for medical as well as non-medical information. The plaintiffs have only provided HIPPA compliant authorizations. The plaintiffs shall produce the executed authorizations sought by Pendleton.

Category no. 15 seeks the birth certificate and marriage license for Mr. Jeff. The plaintiffs contend the information is not relevant. The marriage license must be produced. It is relevant to the

4

capacity of the plaintiffs to proceed in this matter.

Category no. 18 seeks all photographs or other images taken in connection with the plaintiffs' claims. The plaintiffs report that they do not know whether any such things will be used at the trial. A further response is not required. The plaintiffs will have to exchange exhibits in accord with the scheduling order.

Pendleton reports that plaintiffs responded to matter nos. 15-17, interrogatory nos. 10 and 11 and matter no. 4. Pendleton's request for sanctions is denied.

IT IS ORDERED that: (1) Pendleton's motion to compel discovery and for sanctions (Rec. doc. 50) is GRANTED in PART and DENIED in PART; and (2) plaintiffs shall supplement their responses to Pendleton's written discovery within twenty-one (21) calendar days of the entry of this order.

New Orleans, Louisiana, this 18th day of October, 2005.

SALLY SHUSHAN
United States Magistrate Judge