FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 29  P 4: 06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLORENCE C. JEFF, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1507-HGB-SS** |
| **UNIVERSAL HEALTH SERVICES, INC., et al** | |

### ORDER

PENDLETON'S MOTION TO FIX EXPERT WITNESS FEE (Rec. doc. 80)

**GRANTED**

  Before the undersigned is the motion of the defendant, Pendleton Memorial Methodist Hospital ("Pendleton"), to fix expert witness fee. It challenges the deposition fee sought by one of the plaintiffs' experts, David M. Tarlow, Ph.D., M.D. and J.D. of St. Louis, who is board certified in emergency medicine. His fee for a telephone deposition is $850 per hour with a minimum of two hours, and if the deposition exceeds two hours, then an additional fee of $850 must be paid. The plaintiffs also identified Paul Blaylock, M.D. and J.D. of Portland, Oregon, who is also board certified in emergency medicine. His deposition fee is $425 per hour with a two hour minimum. The defendant identified Larry D. Weiss, M.D. and J.D. of New Orleans as an expert, who is also

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

board certified in emergency medicine. His rate is $400 per hour with a two hour minimum.

Pendleton contends that Dr. Tarlow's fee is excessive. It argues that he is not any more qualified than Drs. Blaylock and Weiss. The plaintiffs cite Dr. Tarlow's doctorate in research and biochemistry from Johns Hopkins as evidence of his superior credentials. They report that he offered to reduce his minimum charge to two hours when his normal minimum is three hours.[1] They contend that if his fee is not approved, they may be prejudiced without his testimony.

Pursuant to Fed. R. Civ. P. 26(b)(4)(C), "the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses regularly incurred by the latter party in obtaining facts and opinions from the expert." Id. The plaintiffs have not cited any cases where a medical expert was ordered to be paid $850 per hour for a two hour minimum. The plaintiffs cite the following factors: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected experts; (4) the nature, quality and complexity of discovery responses provided; (5) the cost of living in the particular geographic area; and (6) the fee being charged by the expert to the party who retained him; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated in the Rule 26. See Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y. 1999). In at least one instance a court considered the issue as it would in setting the reasonable hourly rate for an attorney. See Draper v. Red Devil, Inc., 114 F.R.D. 46, 48 (E.D. Ark. 1987).

---

[1] The parties also refer to a fourth expert for the plaintiff, Philip Witorsch, M.D. Dr. Witorsch is board certified in internal medicine with a subspecialty in pulmonary diseases. His deposition fee is $500 per hour with a minimum of four hours. The plaintiffs report that Pendleton has not objected to paying Dr. Witorsch's fee.

For board certified emergency room physicians there is evidence that the prevailing market rate in Portland and Baton Rouge for a deposition is $400 to $450 per hour with a two hour minimum. With the exception of their statement as to Dr. Tarlow's usual practice, the plaintiffs did not submit any evidence on the prevailing rate for depositions of physicians in St. Louis. In order to establish a rate substantially higher than that charged by similarly trained physicians, the burden is on the plaintiffs to provide some evidence to support the higher rate. The fact that Dr. Tarlow possesses a doctorate in research and biochemistry is not sufficient, as this credential does not have any bearing on the issues raised in the lawsuit. Dr. Tarlow's expertise is sought because he is a board certified emergency physician. Pendleton will be required to pay Dr. Tarlow a fee of $500 per hour with a two hour minimum and any time in excess of two hours will be charged at the rate of $500 per hour[2] prorated to the amount of time spent.

IT IS ORDERED that Pendleton's motion to fix expert witness fee (Rec. doc. 80) is GRANTED in accord with the terms of this order.

New Orleans, Louisiana, this 29th day of November, 2005.

SALLY SHUSHAN
United States Magistrate Judge

---

[2] Based on the record, $500 per hour is the highest rate that can be justified for Dr. Tarlow.